**Lisa LONG, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

No. Civ. A. 97–CV–1766 (JLG).

United States District Court, District of Columbia.

June 2, 1998.

---

H. Vincent McKnight, Jr., Ashcraft & Gerel, Washington, DC, for Plaintiff.

Phillip A. Lattimore III, Asst. Corp. Counsel Office of Corp. Counsel, Washington, DC, for Defendant.

### MEMORANDUM

JUNE L. GREEN, District Judge.

Before the Court are opposing motions for summary judgment. For the reasons that follow, the Court grants the Defendant District of Columbia's Motion for Summary Judgment, and denies the Plaintiff's same styled motion.

### BACKGROUND

This is a cause of action for money damages based upon a claim by the Plaintiff, Lisa Long, that the District of Columbia Office of Human Rights ("DCHR") failed properly to investigate and adjudicate her claim of sexual harassment and employment discrimination. Plaintiff states that the DCHR, during its preliminary investigation, improperly made credibility findings without an evidentiary hearing in deciding not to pursue her claim. Ms. Long alleges Constitutional Due Process violations stating that she was improperly deprived of a property interest, that is, proper adjudication of her claim for employment discrimination.[1] In so arguing, Ms. Long seeks a ruling that the DCHR's statutory grievance procedures, as they are written, are unconstitutional. Following are those material facts the Court finds to be undisputed.

On April 4, 1995, Ms. Long filed a complaint with the DCHR alleging that she had been sexually harassed by her former employer between November 1993 and December 1994. She alleged that the employer had made comments about her underwear, asked her for a back massage, offered to buy her lingerie if he could see her in it, called her after hours to ask her to dinner and touched her inappropriately. Ms. Long alleged constructive discharge stating that she had resigned because the employer created a hostile work environment after she had rejected him. The employer denied these allegations and claimed that Ms. Long was a marginal employee.

The DCHR investigated the charge of discrimination by obtaining the employer's responses to interrogatories and requests for production of documents, and by reviewing sworn affidavits from Ms. Long and the employer. Witnesses were also interviewed. Although given the opportunity, Ms. Long failed to rebut the employer's version of events. Ultimately, the DCHR concluded that there was no probable cause to believe that Ms. Long had been sexually harassed by the employer and issued a letter explaining their decision. Ms. Long did not avail herself of the appellate process in place to challenge the DCHR's determination.

### DISCUSSION

A motion for summary judgment is made pursuant to Fed.R.Civ.P. 56(c), which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the material before the Court "must be viewed in the light most favorable to the

---

1. Plaintiff also alleges civil rights violations pursuant to 42 U.S.C. §§ 1981–1983 on the same theory. Compl. ¶¶ 11–13.

[nonmoving] party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### Statutory Scheme and Due Process

■ In viewing a claim of a constitutional due process violation, courts must first determine whether there is a protected property interest at stake. Property interests are generally defined by "existing rules or understandings that stem from an independent source such as state law." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 537, 105 S.Ct. 1487, 1490–91, 84 L.Ed.2d 494 (1985) (internal citations omitted). Here, the Plaintiff points to the procedures put in place by the District of Columbia to address claims of employment discrimination as creating a property interest. The Defendant does not dispute this and the Court agrees that the Plaintiff has a property interest in having her grievance heard and redressed. *See Logan v. Zimmerman,* 455 U.S. 422, 431, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ The Court next turns to whether the process Plaintiff received was the process she was due. *See Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Here, of course, the two sides do not agree. The Plaintiff alleges that the statutory scheme used by the DCHR is flawed because it allows a determination to be made on credibility findings without a hearing.

The statutory scheme at issue is Chapter 7 of Title IV of the District of Columbia Municipal Regulations, which governs private sector complaints filed with the DCHR. Under these regulations, an individual has one year following an incident of sexual harassment to file a complaint with the DCHR. *See* 4 DCMR § 702.1(a-c). Once filed, an investigation is conducted utilizing such investigatory methods as field visits, conferences and written inquiries. 4 DCMR 710.1 and 710.2. A report and recommendation is prepared and the DCHR Director must then decide whether there is probable cause or substan-

tial evidence to credit the complaint. If the Director determines that there is no probable cause, a letter issues dismissing the complaint. D.C.Code § 1–2545; 4 DCMR § 718.1.[2]

■ If the complaint is dismissed (as it was here), the complainant may apply for reconsideration of the Director's decision. 4 DCMR § 718.2. The basis for reconsideration is "new evidence, misapplication of laws, or misstatement of material facts." 4 DCMR, § 719.1. If the Director's decision is affirmed, the complainant's only recourse is to bring the action in the District of Columbia Superior Court. *Simpson v. District of Columbia Office of Human Rights,* 597 A.2d 392, 397 (D.C.1991).

This procedural scheme appears designed to give a complainant every opportunity to present her case and to have adverse rulings reviewed. In fact, the procedural safeguards here appear to be substantially similar to New York's, which the Supreme Court has found to be constitutionally adequate. *Kremer v. Chemical Construction Corporation,* 456 U.S. 461, 483, 102 S.Ct. 1883, 1898–99, 72 L.Ed.2d 262 (1982) (due process met where complainant has had a full opportunity to present claim and administrative as well as judicial review is available to challenge "no probable cause finding.")

Here, of course, the Plaintiff points to the written opinion of the DCHR Director to show that credibility determinations were made absent a hearing and that those determinations were improper because they played a part in the finding of "no probable cause."

■ The Plaintiff's argument, that credibility determinations cannot be made without a hearing, is an oversimplification of the issue. The District of Columbia does not purport to resolve credibility disputes over contested matters and the regulations specifically allow for a hearing in those instances where credibility is an issue. *See* 4 DCMR § 717.1; 4 DCMR § 404.1. Here, however, the Plaintiff was unable even to meet her

---

**2.** A finding of probable cause is based on credible, probative, substantial evidence which demonstrates a nexus between the harm complained

of and the protected characteristics or activity of the complained. 4 DCMR § 715.1.

initial burden. As is shown by the letter of determination, the Director concluded that Plaintiff's allegations were not supported by the requisite preponderance of credible evidence. Letter of Determination, January 25, 1997 at 8. His conclusion that the Plaintiff had not submitted such evidence was based upon several factors including his findings: 1) that the allegations lacked specificity; 2) the Plaintiff failed to rebut the employer's sworn denials as well as responsive allegations of Plaintiff's poor job performance; and, 3) that there were no witnesses to the alleged incidents. *Id.* at 6–7. The Plaintiff appears to equate "credible evidence" with credibility findings. The two are not synonomous. "Credible evidence" is the threshold issue that the Director must find in order to pursue a complaint, while credibility findings are used to resolve factual disputes. The Director has not attempted to resolve factual disputes here, but to establish whether credible evidence exists to warrant action by the DCHR.

The Plaintiff's position, that a hearing is required anytime credibility is at issue, begs the question whether there must be a hearing in every instance where the DCHR and a complainant disagree over whether credible evidence has been presented at the outset. Clearly, this cannot be the case. Neither time nor resource constraints would permit such a course and there is no suggestion from the Supreme Court that due process requires such exacting procedures. *See Walters v. National Association of Radiation Survivors,* 473 U.S. 305, 326, 105 S.Ct. 3180, 3191–92, 87 L.Ed.2d 220 (1985) (holding that great weight is given to government interest in providing non-adversarial procedures for adjudicating claims); *see also Parham v. J.R.,* 442 U.S. 584, 608, n. 16, 99 S.Ct. 2493, 2507, n. 16, 61 L.Ed.2d 101 (1979) (reasserting that due process requirements are flexible and may not always require a judicial-type hearing).

Moreover, as the record shows, the Plaintiff was given every chance to present her case and failed to avail herself of those op-

portunities. (Def.'s Stat.Mat.Facts, ¶¶ 6–7.) Not only did the Plaintiff fail to rebut the employer's explanation, she did not even seek reconsideration of the Director's finding of "no probable cause." Although Plaintiff argues that she had no grounds to do so, she simply is incorrect. While true that requests for the Director to reconsider a decision are limited to "new evidence, misapplication of laws, or misstatement of material facts," 4 DCMR, § 719.1, the Plaintiff does not explain why a "no credible evidence" determination does not fall under one of those grounds. To the Court, at least, it appears that such a finding regarding whether there is evidence that a factual event occurred or did not occur, falls squarely under the "misstatement of a material fact" basis. The Plaintiff failed to seek review on that basis or any other and now seeks to invalidate the entire statutory scheme that has been in place in the District for years. The Court finds no grounds to grant what the Plaintiff requests.

The Court, therefore, concludes that the Plaintiff's due process interests were not violated when the Defendant decided not to pursue her claim. The District's statutory scheme contains due process safeguards and there is no indication that those provisions were not followed here. As for the Plaintiff's allegations of civil rights violations (42 U.S.C. §§ 1981–1983), the Court finds that such allegations are not actionable given this record and grants the Defendant's motion on this issue as well.[3]

## CONCLUSION

Accordingly, for all of the foregoing reasons, the Court grants the Defendant District of Columbia's Motion for Summary Judgment, and denies the Plaintiff's Motion for Summary Judgment. This case is dismissed with prejudice. An appropriate Order accompanies this memorandum.

## ORDER

For the reasons stated in the accompanying memorandum of law, the entire record

---

**3.** It is unclear to the Court from the Complaint if the Section 1981–83 allegations are meant to be a separate count or part of the due process cause of action. These allegations are listed in the complaint under the heading "Due Process Violations" but there is no explanation of their applicability. In any event, Plaintiff has not opposed the Defendant's motion for summary judgment on that issue.

herein and for good cause shown, it is by the Court this 2d day of June 1998,

**ORDERED** that Defendant's Motion for extension of time to file its dispositive motion is **GRANTED nunc pro tunc** to January 12, 1998; it is further

**ORDERED** that Defendant's motion for leave to file an amended memorandum of points and authorities in opposition to plaintiff's motion for summary judgment is **GRANTED** and said memorandum is accepted for filing; it is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED;** it is further

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED with prejudice;** and it is further